In re **WEDGEWOOD GOLF ASSOCIATES, LTD.,**
Debtor.

**Bankruptcy No. 88–455–BKC–8P1.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

May 25, 1988.

R.C. Fernon, David E. DeSerio, Tampa, Fla., for petitioning creditor.

Judith A. English, Tampa, Fla., for Savers Federal Sav. & Loan Assn.

George E. Mierwinski, Mark J. Wolfson, Tampa, Fla., for Security Properties, Inc., General Partner of Wedgewood Golf Assn. Ltd.

## ORDER ON MOTIONS TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS an involuntary Chapter 11 case instituted against Wedgewood Golf Associates, Ltd., a Florida limited partnership (Wedgewood Golf). This is the third round which, according to Security Properties and Savers Federal, is not for the proverbial charm but, on the contrary, should be the third strike against Wedgewood Golf.

The present Involuntary Petition under consideration was filed by James H. Hagle on January 28, 1988. The Petition was signed by James M. Hagle as the general partner of the partnership. On February 17, 1988, Security Properties, Inc. (Security Properties) filed a Motion and sought a dismissal of the Involuntary Chapter 11 Petition. In its Motion, Security Properties asserts that it is a general partner of Wedgewood Golf; that Hagle is not a general partner of Wedgewood Golf and based on the foregoing, according to Security Properties, the Chapter 11 Involuntary Petition was filed without proper authority and should be dismissed.

On March 1, 1988, Savers Federal Savings & Loan Association (Savers Federal) also filed a Motion to Dismiss. In addition, Savers Federal also sought an imposition of sanctions on counsel for Hagle. In its Motion, Savers contends that the Petition was filed solely for the purpose of delaying Savers' pending foreclosure action; that the Debtor has no realistic possibility of reorganizing and the petition was filed in bad faith. Inasmuch as both Motions raised factual issues, this Court scheduled an evidentiary hearing at which time the following facts were established either through testimony, documentary evidence or through matters of which this Court takes judicial notice.

On September 3, 1987, Savers Federal, who is the holder of a first mortgage encumbering the one and only asset of Wedgewood Golf, a low-income housing project located in Lakeland, was about to commence a foreclosure action when Wedgewood Golf, on September 30, 1987, filed its first Voluntary Petition for Relief under Chapter 11. The Petition was signed and verified on behalf of Wedgewood Golf by James M. Hagle and Stephen H. Alex, both described as the general partners of the partnership. On October 13, 1987 Security Properties filed an Emergency Motion and sought a dismissal of the Chapter 11 case. In its Motion, Security Properties contended that the voluntary Chapter 11 Petition was improperly filed inasmuch as Security Properties, a general partner of the limited partnership, did not consent to the filing. In addition, Savers Federal also contended that Stephen Alex was not a general partner and whatever interest Stephen Alex might have had in Wedgewood Golf as a partner earlier, his interest was effectively terminated on October 30, 1984. The Motion also alleged that Hagle was without authority to act on behalf of Wedgewood Golf and that he was not a general partner.

The Motion was considered in due course and on November 4, 1987 this Court entered an Order and dismissed the voluntary Chapter 11 without prejudice but granted leave to file an involuntary Chapter 11 against Wedgewood Golf pursuant to § 303 of the Bankruptcy Code.

On November 16, 1987, Gary B. Alex, Stephen H. Alex and James M. Hagle, alleged to be partners of Wedgewood Golf, filed an Involuntary Petition against Wedgewood Golf. Unfortunately, the Office of the Clerk, rather than allocating a new number to this case, processed all papers in in the original voluntary case which, of course, had been dismissed. The Involuntary Petition signed by James M. Hagle as a general partner of Wedgewood Golf, stated that the only other non-joining general partner is James P. White. On December 7, 1987, Security Properties filed its Motion to Dismiss. While the title of the Motion refers to the Chapter 11 voluntary petition, there is no doubt that it is addressed to this Involuntary Petition filed by James M. Hagle, Stephen H. Alex and Gary Alex. Security Properties sought dismissal on the grounds that attorneys David F. DeSerio and R.C. Fernon, Jr. had no authority to act on behalf of Gary Alex; that

Stephen H. Alex was not a general partner; and, that the signatures were not verified as required by 28 U.S.C. § 1746 and Bankruptcy Rule 1008. The Motion also reiterated the allegations set forth in the original Motion to Dismiss concerning Hagle's capacity to act as a general partner on behalf of Wedgewood Golf and also alleged that whatever capacity Stephen H. Alex had as a partner was effectively terminated on October 30, 1984. On January 6, 1988, this Court entered an Order and granted the Motion of Security Properties and dismissed the Involuntary Petition without prejudice on the grounds that the petition was not verified pursuant to 28 U.S.C. § 1746 and Bankruptcy Rule 1008. The Order further provided that this Court retained jurisdiction to consider the Motion to Impose Sanctions.

On January 28, 1988, James H. Hagle, as general partner of Wedgewood Golf, filed a new Involuntary Petition for relief under Chapter 11, the third attempt by Hagle to seek protection in this Court for Wedgewood Golf. On February 17, 1988, Security Properties filed its third Motion to Dismiss this Chapter 11 case again restating the facts alleged in its original Motions but, in addition, also alleged that the filing of the Chapter 11 Involuntary Petition violated the certification rule, Bankruptcy Rule 9011, and, therefore, the Court should impose sanctions not only against Hagle but also against Messers. DeSerio and Fernon, the attorneys of record for Hagle. On March 1, 1988, Savers renewed its Motion to Dismiss and also sought, again, an Order imposing sanctions on the attorneys for Hagle. In its Motion, Savers alleged that this last Involuntary Petition was filed solely for the purpose of delaying Savers' pending foreclosure action; that Wedgewood Golf has no realistic possibility of reorganizing and it was filed in bad faith.

Wedgewood Golf is a Florida limited partnership formed in late May, 1983. According to the Certificate filed with the Secretary of State (Movant's Exhibit 1) Gary Alex, Stephen H. Alex, John P. White and James M. Hagle were the original general partners of Wedgewood Golf. On December 10, 1986, James M. Hagle and his wife filed a Voluntary Petition for Relief under Chapter 11. Pursuant to § 10.6 of the Limited Partnership Agreement (Movant's Exhibit 1) and § 620.124(4)(b) of the Florida Statutes, the general partnership of Hagle was terminated as a matter of law as a result of the involvement of the Debtors in their Chapter 11 case. It further appears that Security Properties, by virtue of an Amended and Restated Certificate of Agreement of Limited Partnership dated September 6, 1984, became the administrative general partner of Wedgewood Golf.

The single asset of Wedgewood Golf has been under the control and possession of Security Properties since the beginning of 1988. Security Properties is still in charge of the management of the project. It further appears that, according to the Certificate filed with the Secretary of State, the administrative general partner of Wedgewood Golf is Security Properties and James M. Hagle, Gary Alex and John P. White are the other general partners. It further appears that John P. White, on the date of the hearing, transmitted his joinder to the Petition. This fact basically mooted out the question of whether or not Hagle had been readmitted as a general partner of Wedgewood Golf because there is one general partner who now claim to act on behalf of Wedgewood Golf. For this reason, the dismissal of the Involuntary Petition originally urged must be denied. This, however, does not really resolve the problem and the real issue for the simple reason that Savers Federal also urges that this Involuntary Petition should be dismissed for the Debtor's inability to effectuate a meaningful reorganization. While initially both counsel for Security Properties and for Savers urged a dismissal on the basis of bad faith, it is evident that it is unnecessary to consider that ground for dismissal in the context of an involuntary case in light of the fact that this Court is satisfied that this Debtor is incapable to effectuate a meaningful plan of reorganization for the following reasons.

As a general proposition the question of bad faith of a Chapter 11 Debtor as a ground for dismissal for cause under

§ 1112(b) of the Bankruptcy Code comes into play only in connection with voluntary Chapter 11 petitions. *In re Victory Construction Co., Inc.,* 9 B.R. 549 (Bkr.CD Cal.1981); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984); *In re Natural Land Corp.,* 825 F.2d 296 (11th Cir. 1987). In contrast, this case before the Court is facially an involuntary petition for relief under Chapter 11 as not all the general partners assented to the petition, and pursuant to § 303 of the Bankruptcy Code, it shall be treated as an involuntary petition. Generally speaking, the motivation of petitioning creditors to institute an involuntary case is not relevant in a true involuntary case. Thus, ordinarily, the petitioning creditors would be entitled to obtain an Order for Relief if they establish the requirement of § 303(h)(1) or (2) even though they have been motivated by ill-will against the Debtor. Notwithstanding it is clear that if the Order for Relief is entered against Wedgewood Golf, the case will be treated as a voluntary case. In this event Wedgewood Golf would be charged with all the duties and obligations of a Debtor-in-Possession, but also granted the exclusive right at least initially to propose a plan of reorganization. This record leaves no doubt, however, that due to a total internal dissention between the general partners in this limited partnership it would be impossible for Wedgewood Golf to propose a plan over the opposition of Security Properties, a general partner. There is no question, based on this record, that Security Properties did not consent and will not consent to any proposal or attempt by Hagle to effectuate a reorganization on behalf of the Debtor even if Hagle is ultimately found to be a readmitted general partner in Wedgewood Golf.

In light of the current state of affairs of Wedgewood Golf, Savers' Motion to Lift Stay presents an additional problem. This is so because it is impossible to determine who would have a right to defend against the Motion on behalf of the limited partnership. It now appears that counsel for the general partner, Security Properties, indicated that it will consent to the Motion to Lift the Stay filed by Savers Federal. It is

evident that if the Motion is granted this clearly renders this Chapter 11 case ripe for dismissal based on this Debtor's inability to effectuate the reorganization of its affairs, as this is a single asset case.

Based on the foregoing, it is unnecessary to rule on the Motion to Lift Stay filed by Savers Federal and both Security Properties and Savers, in addition to seeking a dismissal, however, also sought the imposition of sanctions for violating Bankruptcy Rule 9011. The Motion is based on the allegation that all three Petitions including this third petition were filed in bad faith. The previous order of dismissal reserved jurisdiction to consider this matter and the motion was never considered by this court. For this reason it is appropriate to reserve jurisdiction to reschedule the Motions for Imposition of Sanctions.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss by Security Properties, Inc. be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss by Savers Federal Savings and Loan Association be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-captioned involuntary Chapter 11 case be, and the same is hereby, dismissed with prejudice, said dismissal shall not become effective until after the Court has considered the Motion for Sanctions. It is further

ORDERED, ADJUDGED AND DECREED that the Motion to Lift Stay by Savers Federal Savings and Loan Association be, and the same is hereby denied as moot. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Sanctions filed by Savers Federal Savings & Loan Association be, and the same is hereby, scheduled to be heard before the undersigned on the 24th day of June, 1988 at 10:00 a.m.