## In re WEDGEWOOD GOLF ASSOCIATES, LTD., Debtor.

### Bankruptcy No. 88–455–BKC–8P1.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 24, 1988.

R.C. Fernon, David DeSerio, Tampa, Fla., for petitioning creditors.

Gregory E. Mierzwinski, Mark Wolfson, Tampa, Fla., for Security Properties, Inc.

Judith A. English, Tampa, Fla., for Savers Federal Sav. & Loan Assn.

## ORDER ON MOTION FOR IMPOSITION OF SANCTIONS AND FOR CLARIFICATION OF ORDER OF DISMISSAL

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a dismissed Chapter 11 case whose dismissal effect has been suspended pending the resolution of a Motion to Impose Sanctions filed by Savers Federal Savings & Loan Association (Savers Federal) and a Motion for Clarification of Order of Dismissal filed by Security Properties, Inc. (SPI). The Motion filed by Savers Federal seeks an imposition of sanctions against counsel for James H. Hagle who signed the involuntary Petition for Relief on behalf of Wedgewood Golf Associates, Ltd. (Debtor), as the general partner of the Debtor. The Motion for Clarification filed by SPI is addressed to this Court's Order which dismissed the Chapter 11 case with prejudice.

At the duly scheduled hearing on the motions, this Court reviewed the motions together with the record, heard arguments of counsel and finds that a brief recap of the procedural history of this Petition and its predecessors would be helpful to a resolution of the matters under consideration.

On September 30, 1987, James M. Hagle and Stephen H. Alex, who claimed to be general partners of Wedgewood, filed a voluntary petition on behalf of the partnership. On October 13, 1987, SPI attacked the Chapter 11 Petition and sought a dismissal based on its contention that SPI is the general partner of the limited partnership, i.e., Wedgewood; it did not consent to the filing; and that Stephan H. Alex is not the general partner of Wedgewood, neither is Hagle, and, therefore, the voluntary petition filed on behalf of Wedgewood (Wedgewood I) was an unauthorized voluntary petition. The Motion was heard in due course and was granted. However, the dismissal was without prejudice and granted leave to Hagle and Stephen H. Alex to file an involuntary Chapter 11 against Wedgewood pursuant to Section 303 of the Bankruptcy Code, if the proper parties so deemed to be advised. The Order of Dismissal did not deal with the status of Hagle or Stephen Alex as general partners of Wedgewood.

On November 16, 1987, Gary B. Alex, Stephen H. Alex and James Hagle, all who claimed to be general partners at Wedgewood, filed an involuntary petition against Wedgewood pursuant to § 303(b)(3) of the Bankruptcy Code. The Petition was signed by James Hagle as general partner who stated in the Petition that the only non-joining general partner is James P. White. On December 7, SPI filed its second Motion to Dismiss Wedgewood II. The Motion was based again on the proposition that Mr. David F. DeSerio and Mr. R.C. Fernon, Jr., the attorney who filed the Petition, had no authority to act on behalf of Gary H. Alex, one of the alleged petitioning general partners; that Stephen H. Alex was not the general partner; that the signatures were not verified as required by 28 U.S.C. 1746 and Bankruptcy Rule 1008. In addition SPI also contended that whatever capacity Hagle and Stephen H. Alex had to act as general partners at one time it was effec-

tively terminated prior to the commencement of Wedgewood II.

On January 6, 1988, this Court granted the Motion and dismissed Wedgewood II solely on the basis that the Petition was not verified, thus it was filed in violation of 28 U.S.C. 1746 and Bankruptcy Rule 1008. The Order of Dismissal retained jurisdiction to consider the Motion to Impose Sanctions sought by SPI.

On January 28, 1988, Hagle again as a claimed general partner of Wedgewood filed a new Involuntary Petition for Relief under Chapter 11 (Wedgewood III). On September 17, 1988, SPI again filed a Motion to Dismiss restating basically the same facts alleged in its previous two motions, which were granted and which dismissed Wedgewood I and Wedgewood II. The basic thrust of the attack by SPI was based on the proposition that James Hagle and his wife filed their own voluntary petition on December 10, 1986, therefore, by virtue of Fla.Stat. 620.124(4)(c), Hagle ceased to be a general partner of Wedgewood. This Statute provides, inter alia, that a person ceases to be a general partner of a limited partnership if that person is adjudged a bankrupt or insolvent or has entered against him an order for any relief in any bankruptcy or insolvency proceeding.

On May 25, 1988, this Court granted the Motions to Dismiss filed by SPI and by Savers, but retained jurisdiction to consider the Motions to Impose Sanctions filed both by SPI and by Savers, 86 B.R. 711. It further appears from the record that the order granting the Motion to Dismiss Wedgewood III was based on the finding by this Court that this Debtor, i.e., Wedgewood, Ltd., a partnership, will not be able to effectuate a meaningful reorganization because of an irreconcilable dissension between the internal management of the partnership.

As noted earlier, the motions under consideration are the Motion to Impose Sanctions by SPI for the alleged violation of the certification requirement of Bankruptcy Rule 9011 and the Motion to Impose Sanctions by Savers. The Motion of Savers is based on the contention that each of the three petitions, Wedgewood I, II, and III, were filed improperly; that Hagle and his counsel knew that the petitions were improperly filed; they filed solely for the purpose to forestall Savers efforts to foreclose its mortgage on the one and single asset owned by this limited partnership.

The Motion to Impose Sanctions of SPI is based on the contention that all three petitions were filed by Mr. Fernon and Mr. DeSerio on behalf of Hagle and others who all very well knew that they had no authority to file either the original voluntary petition, Wedgewood I, or the two subsequent involuntary petitions. As noted earlier, this contention is based in turn on the proposition urged by SPI that Hagle ceased to be a general partner of Wedgewood by virtue of the fact that he himself filed a petition for relief in this Court in Chapter 11 on January 28, 1988, therefore, by virtue of Fla.Stat. 620.109, his capacity to function as a general partner was terminated, thus, he no longer had any authority to file any documents as a general partner on behalf of Wedgewood. In addition, SPI also contends that whatever interest Stephen H. Alex had claimed, it was also terminated and he was no longer the general partner of Wedgewood. Based on the foregoing, it is the contention of SPI that the signature of Mr. Fernon on the document stating that Hagle and Stephen H. Alex were the general partners was false, knew it to be false, and was not well grounded in fact and, therefore, violated Bankruptcy Rule 9011.

The Motion to Impose Sanctions of Savers is based on the contention that the Petition for Relief filed by Hagle on behalf of Wedgewood originally or as a voluntary petition, (Wedgewood I), or the two successive involuntary petitions, (Wedgewood II and Wedgewood III) were filed in bad faith; filed solely for the purpose of harrassment of Savers and without just cause and, therefore, the imposition of sanctions is appropriate on counsel who had known and should have known that none of the Petitions for Relief were well grounded by facts nor could they have been supported by existing law.

Opposing the Motions For Sanctions, counsel for Hagle contends that each of the Petitions were filed in good faith. Mr. Fernon admits, as he must, that as the result of Mr. Hagle's filing of his own individual voluntary Petition for Relief, his general partnership interest in the partnership was effectively terminated by operation of law. Notwithstanding, it is Mr. Fernon's contention that the surviving general partners of Wedgewood consented to his readmission as a general partner; that Hagle continued to participate in the partnership affairs without objection of the other general partners. Based on these facts that the other general partners of Wedgewood would consent to the filing of a Chapter 11 petition, counsel for Hagle filed the first Petition for Relief for the Debtor, Wedgewood I in good faith. In addition, Mr. Fernon contends that after the first Order of Dismissal, Hagle filed an involuntary petition for relief under Chapter 11 again believing that he was still a general partner of the Debtor. Counsel explains his failure to sign the second petition for relief as inadvertence. Finally, counsel for Hagle again contends again that the third Petition (Wedgewood III) was filed in good faith based on the belief that Hagle had the authority to sign the involuntary petition as a general partner.

Mr. Fernon does not seriously challenge the proposition that by virtue of the operation of 620.124(4)(c) Hagle ceased to become a general partner when he filed his voluntary petition on his own behalf. However, Mr. Fernon contends that Chapter 620.109, Fla.Stat., requires to amend the certification of limited partnership within 30 days after a happening of certain events, including a withdrawal of a general partner and the admission of a new general partner. Based on this proposition, it is urged by Fernon that because the certificate of partnership was never amended, the status of Mr. Hagle as a general partner was a fairly debatable proposition; the claim asserted on his behalf to be a general partner was made on good faith and arguable and, therefore, the signature of Mr. Fernon which certified Hagle was a general partner was well-grounded in fact or, at least, may have been supported by existing law, and was fairly debatable. Based on the foregoing, Fernon contends that the imposition of sanctions sought by SPI under these circumstances is unwarranted.

■ Having considered the respective contentions by the parties and this record, this Court is satisfied that the imposition of sanctions against either Mr. Hagle or Mr. Fernon in favor of SPI is not warranted. First, the contention advanced by SPI that Stephen H. Alex's general partnership status was terminated was not supported by any competent evidence. In sum, the controversy between SPI and Mr. Hagle and Mr. Stephen H. Alex was basically an internal strife between the general partners. These alone would not serve sufficient ground to conclude that Hagle or his counsel acted in bad faith when he filed Wedgewood I, II and III, which in turn would warrant the imposition of sanctions.

■ Savers, who is the holder of a first mortgage, was permitted to commence a foreclosure action when Wedgewood I was filed on September 30, 1987. When Wedgewood I was dismissed, Savers was not able to commence a foreclosure action by virtue of the fact of the commencement of Wedgewood II which, as noted earlier, was also dismissed. Neither was Savers able to assert his rights under its mortgage note against the subject property by virtue of the filing of Wedgewood III. It should be noted, however, that Savers did not file a motion for relief from the automatic stay until Wedgewood III was already pending and, of course, Saver's motion to lift the stay was denied as it became moot in light of the fact that Wedgewood III was dismissed. The Motion to Impose Sanctions by Savers was basically asserted on the ground that the Chapter 11 petitions filed by and against Wedgewood was filed in bad faith and, therefore, it was proper to dismiss the same for cause under § 1112(b) of the Bankruptcy Code. None of the documents filed by either Mr. Hagle or by Mr. Fernon or Mr. DeSerio stated facts asserting affirmatively that Wedgewood is capable of effectuating reorganization. Thus, clearly the sanctions provision of Bankrupt-

cy Rule 9011 is not applicable and cannot be invoked since there was no violation of the certification rule by either Hagle or by Attorney Fernon. Based on the foregoing, this Court is satisfied that the Motion for Sanctions filed by Savers is equally without merit and should be denied.

This leaves for consideration the Motion for Clarification of the Order of Dismissal filed by SPI. SPI seeks a clarification of the Order which stated that the Chapter 11 is dismissed with prejudice. It is the contention of SPI that it itself would not be precluded to seek relief in the bankruptcy court if so deemed to be advised, and, therefore, the Order should be amended by providing that Wedgewood III is dismissed as such without prejudice to the right of any other general partner, including SPI to file a petition for relief if it is so deemed to be advised. This Court is satisfied that the Order of Dismissal was never intended to preclude SPI to seek relief under Chapter 11 and, therefore, its Motion for Clarification should be granted to specify that dismissal *is* without prejudice to other parties, that is, prejudice vis-a-vis all other parties other than SPI.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Impose Sanctions be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion for Clarification of Order of Dismissal be, and the same is hereby, denied, and the Order should be made to reflect that as it relates to the rights of SPI, it is without prejudice.