TJOFLAT, Circuit Judge:
 

 I.
 

 The controversy in this bankruptcy case began on March 4, 1983, when Baker Farms, Inc. (Baker Farms) brought suit in the Circuit Court of Seminole County, Florida, to foreclose a mortgage on five parcels of unimproved pasture land (1,316 acres). Albert A. Clark and Robert E. Hirt had purchased the parcels from Baker Farms fourteen months earlier and had given Baker Farms a note and mortgage for most of the purchase price, but they had failed to maintain the mortgage payments. On August 22, 1983, the court entered a final judgment of foreclosure in the amount of $841,141.50, which provided that if Clark and Hirt did not satisfy the judgment within three days, the property would be sold at a public sale on September 30, 1983.
 

 On the day the judgment of foreclosure was entered, Clark and Hirt conveyed the five parcels to the debtor in this bankruptcy case, Natural Land Corporation (Natural Land). Natural Land allegedly paid $1,000,000 for the land. Natural Land, which was formed on April 2, 1982, allegedly intended to develop the property, but as the bankruptcy court subsequently found, the company had no assets, other than the property, had no employees, and had never engaged in business.
 

 On September 20, 1983, Natural Land filed a petition for relief pursuant to Chapter 11 of the Bankruptcy Code, 11 U.S.C. § 301 (1982) [hereinafter Chapter 11]. As provided by 11 U.S.C. § 362(a) (1982), the foreclosure sale of the subject property was automatically stayed. Baker Farms promptly moved the bankruptcy court to dismiss Natural Land’s petition for reorganization and to lift the automatic stay, pursuant to 11 U.S.C. § 1112(b) (1982), contending, among other things, that Natural Land had not filed its Chapter 11 petition in good faith.
 

 Following an evidentiary hearing, the bankruptcy court dismissed Natural Land’s petition and lifted the stay. The court found that Natural Land, which was a mere corporate shell, had paid nothing for the foreclosed land — beyond assuming the foreclosure judgment debt and giving the sellers a promissory note — and had not filed the petition in good faith; instead, Natural Land had misused the rehabilitative purpose of Chapter 11. Natural Land then appealed to the district court, which affirmed the bankruptcy court’s judgment. Natural Land now appeals to this court.
 

 II.
 

 Natural Land asks us to reverse the district court’s judgment on two grounds. First, Natural Land contends that the bankruptcy court should not have reached the question whether it filed the petition in good faith before Natural Land was required to file, or had filed, a plan of reorganization. Second, Natural Land argues that the bankruptcy court’s findings of fact on the good faith issue are clearly erroneous.
 

 A.
 

 Natural Land concedes, as this court has previously held, that under 11 U.S.C. § 1112(b) “a debtor’s lack of ‘good faith’ may constitute cause for dismissal of a petition.”
 
 Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),
 
 749 F.2d 670, 674 (11th Cir.1984);
 
 see also Meadowbrook Investors’ Group v. Thirtieth Place, Inc. (In re Thirtieth Place, Inc.)
 
 30 B.R. 503, 505 (Bankr. 9th Cir.1983);
 
 In re Spenard Ventures,
 
 18 B.R. 164, 166 (Bankr.D.Alaska 1982). With this rule in mind, we may easily dispose of Natural Land’s claim that the bankruptcy court should not have decided the issue of good faith until it had examined Natural Land’s proposal for reorganization. Not only is Natural Land unable to point to any cases
 
 *298
 
 stating that a bad faith dismissal is per se insupportable when it occurs before the debtor files a reorganization plan, but a reading of 11 U.S.C. § 1129(a)(3) (1982 & Supp. Ill 1985) reveals the folly of Natural Land’s argument.
 

 Section 1129 forbids a court from accepting a reorganization plan which has not been proposed in good faith. It seems unquestionable to us that the taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus, any proposal submitted by a debtor who filed his petition in bad faith would fail to meet section 1129’s good faith requirement. In light of this conclusion, we cannot say that Congress intended that a creditor’s rights be delayed merely to allow the bad faith debtor to present a reorganization plan which, as a matter of law, could not be approved by the court.
 
 Cf. In re Dutch Flat Inv. Co.,
 
 6 B.R. 470 (Bankr.N.D.Cal.1980) (dismissing petition before submission of reorganization proposal).
 

 B.
 

 Although there is no particular test for determining whether a debtor has filed a petition for reorganization in good faith, “[i]n finding a lack of good faith, courts have emphasized an intent to abuse the judicial process and the purposes of the reorganization provisions.”
 
 Albany Partners, Ltd. v. Westbrook (In re Albany Partners, Ltd.),
 
 749 F.2d 670, 674 (11th Cir.1984);
 
 see also In re 299 Jack-Hemp Assocs.,
 
 20 B.R. 412, 413 (Bankr.S.D.N.Y.1982) (dismissing petition raising “disingenuous” attempt to bring administration of decedent’s estate within bankruptcy court’s jurisdiction). Factors the bankruptcy court may consider include the following: (1) the lack of a “realistic possibility of an effective reorganization,”
 
 Albany Partners, Ltd.,
 
 749 F.2d at 674; (2) evidence that “the debtor seeks merely to delay or frustrate the legitimate efforts of secured creditors to enforce their rights,”
 
 id.;
 
 (3) whether the debtor is seeking to use the bankruptcy provisions “to create and organize a new business, not to reorganize or rehabilitate an existing enterprise, or to preserve going concern values of a viable or existing business,”
 
 In re Victory Constr. Co.,
 
 9 B.R. 549, 564 (Bankr.C.D.Cal.1981),
 
 modified,
 
 9 B.R. 570,
 
 vacated as moot,
 
 37 B.R. 222 (Bankr. 9th Cir.1984); (4) the timing of the debtor’s relevant actions,
 
 see In re 299 Jack-Hemp Assocs.,
 
 20 B.R. at 413; (5) whether the debtor appears to be merely a “shell” corporation,
 
 see In re Dutch Flat Inv. Co.,
 
 6 B.R. 470, 471 (Bankr.N.D.Cal.1980); and (6) whether the debtor was created, or the subject property transferred to the debtor, “for the sole purpose of obtaining protection under the automatic stay [of Chapter 11] by filing bankruptcy,
 
 Meadowbrook Investors’ Group v. Thirtieth Place, Inc. (In re Thirtieth Place, Inc.),
 
 30 B.R. 503, 506 (Bankr. 9th Cir.1983). This list of factors is not exhaustive; nor is there any single factor that will necessarily lead to a finding of bad faith.
 
 See In re Levinsky,
 
 23 B.R. 210, 217 (Bankr.E.D.N.Y.1982);
 
 see generally
 
 Ordin,
 
 The Good Faith Principle in the Bankruptcy Code: A Case Study,
 
 38 Bus.Law. 1795 (1983) (discussing factors of significance in cases dismissed for lack of good faith). Given the factors in the present case, we agree with the district court that Natural Land filed its petition for reorganization without good faith.
 

 The district court found that Natural Land acquired the subject property on the very date the state court entered its foreclosure order, certainly an event to be viewed with some suspicion. Furthermore, the court found that Natural Land never had any paid employees, that it had never previously engaged in business, that it had no legitimate creditors (other than those it acquired when it bought the subject property), and that it had held no assets until it acquired the subject property. Based on these findings, the court concluded that Natural Land had filed its petition for reorganization merely to frustrate Baker Farms’ collection efforts. We find nothing in the record that leads us to doubt these conclusions, and therefore affirm the dis
 
 *299
 
 missal of Natural Land’s petition for reorganization.
 
 [1]
 

 AFFIRMED.
 

 [1]
 

 . Natural Land also argued that Baker Farms was not harmed by its inability to foreclose on the subject property, because the property’s value has risen in recent years. This contention is frivolous with regard to the issue whether a debtor has filed a reorganization petition in good faith. Only by pure happenstance has the subject property increased in value. If its value had declined after Natural Land filed its petition, Baker Farms would have had difficulty attempting to collect damages from Natural Land, which is a shell corporation. Congress did not design Chapter 11 to allow debtors to "throw dice" with property subject to foreclosure, and we decline to consider as relevant the fortuitous outcome in this case. Plainly stated, Natural Land abused the bankruptcy process when it used the automatic stay provision to bide time, in the hope that the value of the foreclosed property would rise and produce a windfall profit.