## In re BRANDYWINE ASSOCIATES, LTD., Debtor.

### Bankruptcy No. 87–2615–BKC–6P1.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

April 29, 1988.

David DeSerio, R.C. Fernon, Jr., Tampa, Fla., for debtor.

Harley E. Riedel, Tampa, Fla., for John White, Ltd. partner.

Lynnea J. Concannon, Orlando, Fla., for limited partners.

Andrew M. Brumby, Orlando, Fla., for American Pioneer.

Victoria B. Tutterrow, Asst. U.S. Trustee.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon American Pioneer Savings Bank's ("American Pioneer") Motion to Dismiss and Motion to Prohibit Use of Cash Collateral and/or to Sequester Rents, Profits and Proceeds.[1]  A hearing on the motions was held March 1, 1988, at the conclusion of which the Court instructed the parties to submit written briefs and proposed findings in support of their positions.  American Pioneer has filed a memorandum in support of its motions while the debtor and the limited partners have filed briefs in opposition.  Upon the arguments and evidence so presented, the Court makes the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. The debtor's predecessor in interest, Mallards of Brandywine, Ltd. ("Mallards"), was formed on or about November 20,

---

1. American Pioneer filed a motion for relief from the automatic stay.  By an order dated February 3, 1988, this Court required certain adequate protection payments to be made, but reserved ruling on the Bank's motion for termination of the automatic stay for "cause" on the grounds the case was filed in bad faith, until such time as the Bank's motion to dismiss on similar grounds had been heard.  On March 15, 1988, the check for the second adequate protection payment was dishonored.  Pursuant to the February 3 order, the automatic stay terminated when, on March 16, the Bank's counsel filed an affidavit of non-payment.  The Bank's motion for relief from the automatic stay is, then, now moot.

1984, as a Florida limited partnership for the purpose of developing an apartment complex in Deland, Florida. The project's financing structure involved an arrangement whereby American Pioneer loaned the proceeds of the sale of Multi–Family Housing Revenue Bonds, issued by the Housing Finance Authority of Volusia County, Florida, to the debtor. The loan was in the amount of $4,900,000.00 and was secured by a mortgage and note which granted American Pioneer a first priority security interest in all of the real and personal property owned by Mallards.

2. Toward the end of 1985 and in early 1986 the limited partnerships were marketed and sold. The limited partners' contribution was in the form of individual notes, payable to the limited partnership over a period of four years. These notes were subsequently pledged as security for a loan obtained from Northwest Mutual Savings Associations.

3. Later, at the time of syndication, the name of Mallards of Brandywine, Ltd. was changed to Brandywine Associates, Ltd. (the debtor) and the general partner was changed to Southmark Associates ("Southmark"), a Florida general partnership comprised of the original partners plus one additional partner.

4. The partnership agreement entered into contemplated that there would be an operation deficit for the first three years. Under the terms of the agreement the general partner was required to contribute sufficient funds to meet operation deficiencies, including debt service, for this period.

5. In July, 1987, the debtor defaulted on its obligations to the bank. Soon afterwards, a majority of the debtor's limited partners defaulted on their obligations to the debtor. The debtor then attempted to extract debt concessions from the bank. These efforts were unsuccessful and in late September the bank delivered a notice of default and demand for payment, which was followed by the filing of the debtor's Chapter 11 petition on October 7, 1987.

6. At the time of the filing of the petition, the debtor's sole asset was, and continues to be, the real and personal property comprising the Brandywine apartment complex. The debtor has no employees, and has no significant unsecured creditors. In addition, testimony was presented that within the seventy-five days prior to filing bankruptcy there had been disbursements to or for the account of general partners of Southmark, although no such payments were disclosed on the debtor's Statement of Financial Affairs.

7. The operating reports eventually filed during the hearing revealed the debtor, without Court authority or notice to creditors, has depleted the tenant security-deposit escrow account, has paid monies to the general partners of Southmark, has paid its lawyers, and has paid $2,500.00, without authorization, to a real estate consultant retained by the limited partners. In addition, testimony presented as to the value of the property subject to the Bank's lien, although conflicting, demonstrates a value less than the debt.

## CONCLUSIONS OF LAW

1. American Pioneer argues that the debtor's case should be dismissed for "cause," pursuant to § 1112(b), on the grounds that the case was filed in bad faith. The Eleventh Circuit has issued several opinions finding good faith to be an implicit prerequisite to filing a petition, which this Court feels compelled to follow. *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984); *In re Waldron*, 785 F.2d 936 (11th Cir.1986); *In re Natural Land Corp.*, 825 F.2d 296 (11th Cir.1987).

2. In following the lead of the Eleventh Circuit this Court has on several occasions recognized the Bankruptcy Court's responsibility to enforce the good faith requirement of § 1129(a)(3) when addressing motions to dismiss and motions for relief from stay. *In re Sar–Manco, Inc.*, 70 B.R. 132 (Bkrtcy.M.D.Fla.1986); *In re Bell Partners, Ltd.*, 82 B.R. 593 (Bkrtcy.M.D.Fla. 1988); *In re Rad Properties, Inc.*, 84 B.R. 827 (Bkrtcy.M.D.Fla.1988); *In re Phoenix–Piccadilly, Ltd.*, 84 B.R. 843 (Bkrtcy.M.D. Fla.1988).

3. It is well established that no single factor is determinative of a lack of good faith in filing a petition. The Court has judicial discretion in making such a determination based upon the circumstances of each case, using the existence of factors which caselaw has established as being indicative of a bad faith filing as a guide. *In re Albany Partners, Ltd.*, supra 674.

4. In *In the Matter of Little Creek Development Company*, 779 F.2d 1068, 1072 (5th Cir.1986), the court stated that in reaching its conclusion, the bankruptcy court should make an "on-the-spot evaluation of the debtor's financial condition, motives, and local financial realities." The court then listed several recurring factors in decisions finding a lack of good faith in § 362(d) and § 1112(b) proceedings, including:

(1) the debtor has one asset, such as a tract of undeveloped or developed real property;

(2) the secured creditors' lien encumbers the singular tract;

(3) there are generally no employees except for the principals;

(4) there are few, if any, unsecured creditors whose claims are relatively small;

(5) there is little or no cash flow, and no available sources of income to sustain a plan of reorganization or to make required adequate protection payments;

(6) the property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court; and

(7) bankruptcy offers the only possibility of forestalling loss of the property.

5. In the present case, the debtor's only significant asset is the apartment complex which is encumbered by the mortgage held by American Pioneer. The debtor has no direct employees and no material unsecured creditors.

6. In the past, the debtor has been unable to generate sufficient cash flow to service its debt. The limited partners suggest that additional monies will be available to the debtor after repayment of the investor note loan. However, the evidence presented establishes that the limited partners have been in default on the investor notes since September 1, 1987 and the security interest in their limited partnership units pledged as collateral for the investor notes are now subject to foreclosure. In addition, the representatives of the limited partners admitted that additional funds would, in all likelihood, not be forthcoming. As a result, it is unlikely that the debtor will be able to meet its debt service obligations in the future, much less fund a plan of reorganization.

7. The testimony of the debtor's principals clearly establishes that the reason for the filing the petition was the fear that a foreclosure was imminent, after the debtor had been unsuccessful in extracting concessions from the American Pioneer.

8. For the reasons set forth above, the Court concludes that the debtor's pending Chapter 11 case was filed in bad faith, therefore, American Pioneer's motion to dismiss this case will be granted for cause shown pursuant to § 1112 of the Bankruptcy Code. Given the resolution of the bank's motion to dismiss, the Court finds American Pioneer's Motion to Prohibit Use of Cash Collateral and/or Sequester Rents, Profits and Proceeds to be moot. The Court will enter a separate order in accordance with these findings of fact and conclusions of law.