### In re TIFFANY SQUARE ASSOCIATES, LTD., Debtor.

#### Bankruptcy No. 88–2828–6S1.

United States Bankruptcy Court, M.D. Florida, Orlando Division.

April 7, 1989.

Order Denying Motion for Rehearing and to Amend Order May 8, 1989.

Robert C. Young, Orlando, Fla., for Tiffany Square Associates, Ltd., debtor.

Robert L. Mellen, III, Orlando, Fla., for Great American Management and Investment, Inc.

Marsha H. Rydberg, Rydberg, Goldstein & Bolves, P.A., Tampa, Fla., for Freedom Sav. and Loan Ass'n.

Benard J. Morse, IV, Sargent, Repka, Covert, Steen, Cunningham & Zimmet, P.A., Clearwater, Fla., for Tiffany Square Partners, Ltd.

## ORDER ON MOTIONS TO DISMISS, FOR RELIEF FROM STAY, AND FOR AUTHORITY TO USE CASH COLLATERAL

ALEXANDER L. PASKAY, Chief Judge.

THIS CAUSE came on for hearing upon a Motion for Relief from Stay or, in the Alternative, Motion to Dismiss by Tiffany Square Investors, Ltd. (Investors), and a Motion to Dismiss filed by Freedom Federal Savings & Loan Association (Freedom) and a Motion for Authorization to Use Cash Collateral filed by Tiffany Square Associates, Ltd., the Debtor in the above-captioned case. The Court has considered the Motions, together with the record, heard argument of counsel and finds as follows:

Debtor is a Georgia limited partnership formed in 1985 for the purpose of acquiring, owning, and operating a 272–unit garden apartment complex known as Tiffany Square Apartments in Fern Park, Florida. The property is managed for the Debtor on a daily basis by The Lane Company, which is owned through subsidiary corporations by Southmark Corporation (Southmark).

The Debtor's two general partners are KTL Investment Corporation and San Jac Financial Services, Inc. All of the stock of these partners is owned through subsidiary corporations by Southmark, a public company traded on the New York Stock Exchange, which owns, controls, and/or manages in excess of one billion dollars worth

of property through the United States. Southmark obtained ownership of the Debtor's general partners, and thus, of the property, in early March 1988.

There are four mortgages against the apartment complex. Freedom holds a first mortgage with an approximately principal balance of $2.1 million, which matures in 2003. The second mortgage is held by Great American Management & Investment (GAMI) with an approximate principal balance of $581,000 which matures in 1992. Both obligations are current.

Investors holds a third mortgage which wraps the above-described first and second mortgages in the approximate principal balance of $4.1 million. The Investors' note matured by its terms on December 31, 1987. The fourth mortgage is held by Tiffany Square Partners, Ltd. (Partners). Partners, which supports the Debtor's opposition to Investors' Motions, holds a wrap mortgage which is due in 2002.

In January 1988, Investors filed a foreclosure suit in Seminole County, Florida. Thereafter on March 18, 1988, the state court entered an Order appointing a receiver.

On March 22, 1988, the Debtor filed a Chapter 11 Petition in the United States Bankruptcy Court for the Northern District of Georgia, Atlanta Division, where its office, books and records had been kept since its formation in 1985. The Atlanta court originally denied Investors' Motion to Change Venue. However, on October 31, 1988, the Atlanta court entered an Order granting Investors' renewed Motion for Change of Venue based upon a change in circumstances. Accordingly, the case was transferred to this Court in early November 1988.

At the time of the transfer, the Atlanta court entered its Order dated October 31, 1988, extending the then existing cash collateral Order dated September 30, 1988. Since the commencement of the Chapter 11 proceeding, the Debtor has made adequate protection payments to Investors through December 1988 in the total amount of $382,196. Investors has used these funds to keep the Freedom and GAMI notes cur-

rent, to fund the tax escrow account, and to apply the balance to its obligation. All taxes and insurance are current.

Unrefuted testimony indicates that the value of the property is $6.1 million, resulting in an approximate equity cushion of $1 million above the four mortgages on the property. The property has a present occupancy rate of 86% and is generating sufficient cash flow to pay all current operating expenses, monthly adequate protection payments pursuant to the September 30, 1988, cash collateral Order, and leave a balance for repair and maintenance of vacant units.

Debtor owes approximately $775,000 in prepetition unsecured debt. Of this amount, approximately $700,000 is owed to Johnstown American Properties, Inc., an entity also owned by Southmark. However, $400,000 of that amount represents Johnstown's payment, as a guarantor, of a loan originally made to the Debtor by Union Bank which, except for Johnstown's payment, would otherwise be an unsecured creditor of Debtor.

During 1987, the Debtor, aware that the note to Investors would mature on December 31, 1987, engaged in discussions and negotiations with Investors, and with potential refinancers. As of the date of the filing of the Petition, Debtor had been unable to complete its refinancing efforts due to several circumstances. One of the potential refinancers went out of business, with its loan portfolio and applications being transferred to another entity. However, since its acquisition of the partnership in early March 1988, Southmark has utilized its time and resources to pursue reorganization and refinancing, and is presently working with several lenders on this matter.

In connection with Debtor's efforts through Southmark, Debtor has filed a Disclosure Statement and Plan of Reorganization.

Investors argues that the automatic stay imposed by § 362 of the Bankruptcy Code should be lifted to allow Investors to continue its foreclosure suit. Alternatively, Investors argues that the Debtor's case

should be dismissed. Both Motions are based upon Investors' contention that the case was filed in bad faith. The Eleventh Circuit and numerous bankruptcy courts within the Middle District of Florida have issued opinions finding that good faith is an implicit prerequisite to filing a bankruptcy petition. *In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984); *In re Natural Land Corporation*, 825 F.2d 296 (11th Cir.1987).

■ It is well established that no single factor is determinative of a lack of good faith in filing a petition. *In re Natural Land Corporation, supra*, at 298. The Court has discretion in making such a determination based upon the totality of the circumstances of each case. *In re Albany Partners, Ltd., supra*, at 674.

In determining whether a debtor has abused the reorganization process provided by Chapter 11, courts have generally looked at several recurring factors or "badges of bad faith", to guide them in determining whether a petition has been filed in bad faith. In *In the Matter of Little Creek Development Company*, 779 F.2d 1068, 1072 (5th Cir.1986), the court listed several of these factors which were often found in decisions finding a lack of good faith under § 362(d) and § 1112(b), including:

1) The debtor has one asset, such as a tract of undeveloped or developed real property;

2) The secured creditors' lien encumbers the singular tract;

3) There are generally no employees except for the principals;

4) There are few, if any, unsecured creditors whose claims are relatively small;

5) There is little or no cash flow, and no available sources of income to sustain a plan of organization or to make required adequate protection payments;

6) The property has usually been posted for foreclosure because of arrearages on the debt and the debtor has been unsuccessful in defending actions against the foreclosure in state court; and

7) Bankruptcy offers the only possibility of forestalling the loss of the property.

However, the factors set forth in *Little Creek* are merely a guide and do not constitute a "bright-line test." *See, In re Natural Land Corporation, supra*, and *In re Can–Alta Properties, Ltd.*, 87 B.R. 89 (9th Cir. BAP 1988).

■ An analysis of the decisions of the Eleventh Circuit and the other bankruptcy courts in the Middle District of Florida reveals that there is nothing inherently improper in a single asset debtor filing a Chapter 11 Petition for Reorganization, even shortly before or after a foreclosure proceeding has commenced. *See, e.g., In re North Redington Beach Associates, Ltd.*, 91 B.R. 166 (Bkrtcy.M.D.Fla.1988); *In the Matter of Martin*, 51 B.R. 490 (Bankr. M.D.Fla.1985); *In re Krilich*, 87 B.R. 178 (Bankr.M.D.Fla.1988). Rather, the key considerations to the courts' decisions in this area are (1) the debtor's intent or motive for filing the petition; (2) the extent to which the debtor is an ongoing concern; and, (3) the ability of the debtor to reorganize.

■ The Debtor in this case has been involved in an effort to reorganize and refinance its operation during the calendar year preceding the maturity of the Investors' note and the filing of the foreclosure suit. Prior to the filing of the bankruptcy Petition, the property generated sufficient cash flow to make all current payments due under the four mortgages on the property until the Investors' note matured on December 31, 1987. Since the filing of the Petition, the Debtor has continued to generate sufficient cash flow to pay all current operating expenses and make monthly adequate protection payments of $30,000. As a result, the Debtor has paid postpetition $382,196 as of December 1988. These funds were used by Investors to make payments on the Freedom and GAMI notes, with the balance being applied to the interest accruing on the Investors' note.

■ The evidence demonstrates that the property is worth $6.1 million, leaving an equity cushion of approximately $1 million

442

which can be used by the Debtor in its reorganization for the benefit of the unsecured creditors and the limited partners. The Court rejects any suggestion by Investors that the case of *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988) stands for the proposition that the existence of equity is irrelevant in determining whether a debtor has filed in good faith. That case clearly stands for the proposition that the existence of equity cannot cure an otherwise bad faith filing as evidenced by a debtor's malintent expressed through its actions and conduct.

This Court is also persuaded by the fact that the Debtor has filed a Disclosure Statement and Plan, and that the Debtor should be given an opportunity to see if its Plan of Reorganization can be confirmed. *In re North Redington Beach Associates, Ltd., supra.*

For the reasons set forth above, the Court concludes that the Debtor should be given one opportunity to obtain confirmation of its Plan of Reorganization. Accordingly, Investors' Motion for Relief from the Automatic Stay or, in the Alternative, to Dismiss will be denied. Furthermore, the Court will grant Debtor's Motion for Authorization to Use Cash Collateral in accordance with the provisions of Judge Murphy's Order dated September 30, 1988, since this Court finds that the Debtor will need to utilize the cash collateral in order to operate and maintain its business during the pendency of this proceeding.

A hearing on the Disclosure Statement shall be set promptly, and the Debtor shall be given one opportunity and one opportunity only to obtain confirmation of its Plan of Reorganization.

DONE AND ORDERED.

ORDER DENYING MOTION BY TIFFANY SQUARE INVESTORS LIMITED PARTNERSHIP FOR REHEARING AND TO AMEND ORDER

THIS CAUSE came on for consideration, ex parte, upon Motion by Tiffany Square Investors Limited Partnership for Rehearing and to Amend Order filed in the above-captioned Chapter 11 case. The Court has considered the Motion, together with the record, and finds that the Motion fails to allege any manifest error of law or fact, nor does it allege newly discovered material evidence which could not have been obtained by the Movant at the time the matter was heard as required under Bankruptcy Rule 9023 and F.R.C.P., Rule 59(a)(2). *In re Devault Mfg. Co.*, 4 B.R. 382 (Bkrtcy. D.Pa.1980) aff'd 14 B.R. 536 (E.D.Pa.1981).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion by Tiffany Square Investors Limited Partnership for Rehearing and to Amend Order filed by the Debtor be, and the same is hereby, denied.

DONE AND ORDERED.