949 F.2d 401
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 In re Rainsford J. WINSLOW and Winifred W. Winslow, Debtors.
Rainsford J. WINSLOW and Winifred W. Winslow, Plaintiffs-Appellants,
v.
WILLIAMS GROUP and Morgan County, Defendants-Appellees.
 No. 91-1047.
 United States Court of Appeals, Tenth Circuit.
 Dec. 6, 1991.
 
 Before LOGAN, JOHN P. MOORE and BALDOCK, Circuit Judges.*
 ORDER AND JUDGMENT**
 BALDOCK, Circuit Judge.
 
 
 1
 This is an appeal from a district court order affirming a bankruptcy court order converting this bankruptcy case from a Chapter 11 reorganization to a Chapter 7 liquidation. See In re Winslow, 123 B.R. 641 (Bankr.D.Colo.1991). Debtors Rainsford and Winifred Winslow raised five arguments in the district court to challenge the bankruptcy court's determination. The district court considered each of the arguments. For the reasons set forth below, we affirm.
 
 
 2
 Debtors filed their voluntary petition under Chapter 11 of the Bankruptcy Code on January 9, 1989. On May 3, 1989, Morgan County, Colorado, a judgment creditor, moved for conversion of debtor's bankruptcy case from Chapter 11 to Chapter 7 pursuant to 11 U.S.C. § 1112(b) which provides a nonexhaustive list of grounds upon which a bankruptcy court may order such conversion for "cause." This motion was joined by Keith D. Williams, et al. (the Williams Group), also a judgment creditor of debtors.
 
 
 3
 The initial hearing on the motion to convert was held on October 6 and October 18, 1989. At the conclusion of the hearing, the motion to convert was continued, to be reset upon motion by the creditors. The bankruptcy court also ordered debtors to file a reorganization plan and disclosure statement on or before December 1, 1989, to segregate estate and nonestate funds and to place estate funds in a separate bank account.
 
 
 4
 On November 23, 1989, debtors filed a disclosure statement and plan of reorganization. The disclosure statement and plan indicated that the primary assets of the estate consisted of several parcels of real property with an estimated combined value of over one million dollars. The debtors proposed to sell this property by financing the sales price themselves and accepting periodic payments from the purchasers which would be put into escrow and eventually paid out to the creditors.
 
 
 5
 After debtors filed their plan and disclosure statement, Morgan County moved to reset the hearing on conversion of the case to Chapter 7, arguing that the plan was not proposed in good faith. Morgan County, the Williams Group, and the Acting United States Trustee (Trustee) each filed written objections to debtors' disclosure statement.
 
 
 6
 On February 7, 1990, the bankruptcy court held a second hearing on the motion to convert. The bankruptcy court ordered debtors to file an amended disclosure statement and reorganization plan by February 21, 1990. The hearing was continued to March 7, 1990.
 
 
 7
 Debtors filed an amended disclosure statement and reorganization plan as ordered by the bankruptcy court on February 16, 1990. Morgan County, the Williams Group, and the Trustee again filed objections. Due to weather conditions, the March 7 hearing was rescheduled to March 30, 1990. On March 26, 1990, debtors amended their disclosure statement and reorganization plan. The Williams Group once again filed objections.
 
 
 8
 The March 30 hearing was held as scheduled. At the hearing, debtors attempted to introduce testimony and exhibits purportedly relating to the value of estate property and their ability to carry out their reorganization plan. The bankruptcy court refused to hear testimony or receive exhibits into evidence. Ruling from the bench, the bankruptcy court granted the motion to convert the case from Chapter 11 to Chapter 7. The bankruptcy court entered a written order to this effect on April 3, 1990. The district court affirmed this order and this appeal followed.
 
 
 9
 In the district court, debtors raised the following arguments for why the bankruptcy court's conversion of their case from Chapter 11 to Chapter 7 was improper: (1) the bankruptcy judge was prejudiced and should have been removed from the case; (2) Morgan County and the Williams Group's claims against the estate are void and invalid; (3) the debtors had no notice that the issue of conversion would be considered in the March 30 hearing; (4) the debtors should have been permitted to present evidence at the March 30 hearing; and (5) there was not sufficient "cause" within the meaning of § 1112(b) to order conversion of the case.
 
 
 10
 On appeal to this court, debtors reassert only the fourth argument raised below.[1] According to debtors, the bankruptcy court's refusal to receive exhibits and hear testimony at the March 30 hearing resulted in a denial of due process. However, as the district court held, there is no constitutional requirement that a full evidentiary hearing be held in every case in which a motion to convert is being contemplated. See In re Tiana Queen Motel, Inc., 749 F.2d 146, 150-51 (2d Cir.1984) (rejecting argument that a full evidentiary hearing was required before entry of a conversion order), cert. denied, 471 U.S. 1138 (1985). The precise language of § 1112(b) does provide that entry of a conversion order must be preceded by "notice and a hearing." However, the "hearing" required is only that which is "appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A). Thus, the real crux of debtors' appeal is whether disputed and material factual issues precluded the bankruptcy court from essentially entering a summary judgment by converting this case to a Chapter 7 proceeding without hearing testimony or receiving exhibits at the March 30 hearing.
 
 
 11
 Based upon our review of the limited record designated, we conclude that undisputed facts support the bankruptcy court's conversion order. As the district court held, there is ample justification in the record for conversion based on bad faith. Although bad faith is not included in § 1112(b)'s nonexhaustive list of grounds for dismissal or conversion, courts which have considered the issue have uniformly held that bankruptcy courts may convert cases under § 1112(b) when a debtor engages in bad faith conduct. In re Kerr, 908 F.2d 400, 404 (8th Cir.1990); In re Jartran, Inc., 886 F.2d 859, 867 (7th Cir.1989); Carolin Corp. v. Miller, 886 F.2d 693, 698-700 (4th Cir.1989); In re Natural Land Corp., 825 F.2d 296, 298 (11th Cir.1987); In re Winshall Settlor's Trust, 758 F.2d 1136, 1137 (6th Cir.1985). In determining whether a debtor has acted in bad faith, courts, in general, consider any factors which indicate that a petition was filed to abuse the purposes of the Bankruptcy Code, or to delay or frustrate the legitimate efforts of creditors to enforce their rights. Id.
 
 
 12
 In this case, several facts and circumstances, which are undisputed and a matter of record, justify conversion of this case based on bad faith. First, debtors amended petition states in part as follows: "The purpose in doing this is to make sure that enforcement proceedings in the Colorado Court system do not take place while the Winslows are in the protection of the U.S. Bankruptcy Court." This admission clearly indicates that debtors' purpose in seeking relief under Chapter 11 was not rehabilitation and reorganization. Instead, debtors were seeking to avoid state court judgments. Furthermore, debtors waited almost eleven months before filing an initial plan of reorganization. Finally, the most recent proposed plan and accompanying disclosure statement submitted by debtors on March 26, 1990, were deficient in numerous respects. As the district court held, the plan and disclosure statement provided little information on how the property debtors proposed to sell would be marketed, how the value of the property was determined, and what would happen if debtors' sale expectations were not met. Debtors' overall conduct throughout the proceedings in bankruptcy court evidence a pattern of evasion. In view of these undisputed facts, we cannot say that the bankruptcy court erred in converting this case to a Chapter 7 proceeding without a full evidentiary hearing.
 
 
 13
 Accordingly, we conclude that the bankruptcy court properly converted this case under § 1112(b). Therefore, we AFFIRM the district court's affirmance of the bankruptcy court's determination.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 In a reply brief, debtors also assert that the judgments of Morgan County and the Williams Group are unenforceable because the judgments were not "revived" in accordance with Colo.Rev.Stat. § 13-52-102 (1989). However, this issue was never raised in the bankruptcy court or district court. Under these circumstances, we need not address the issue. Burnette v. Dresser Indus., Inc., 849 F.2d 1277, 1282 (10th Cir.1988)