**In re Kala L. HEALD, Debtor.**

**Bankruptcy No. 91–4620–BKC–3P1.**

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

May 11, 1992.

**818**

Albert H. Mickler, Jacksonville, Fla., for debtor.

Derrick Bennett, Panama City, Fla., for Gulf American SBL, Inc.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court on the Motion to Dismiss filed by Gulf American SBL, Inc. ("Movant"). A hearing on the motion was held on March 17, 1992, and, upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

### Findings of Fact

On April 7, 1987, Debtor and her husband, Ovide A. Heald, individually and doing business as Mayport Offbase Parking, borrowed $193,000.00 from Movant. The loan was secured by a first mortgage on the business realty, an undeveloped parking lot. The mortgage was recorded in Official Records Book 6308, at Page 1995, of the Public Records of Duval County, Florida.

Debtor defaulted under the terms of the loan and Movant filed a foreclosure action on February 21, 1991.

On July 30, 1991, the state court entered Summary Final Judgment against debtor and her husband for $195,029.64 and set a foreclosure sale for August 30, 1991.

Mayport Offbase Parking was operated by debtor and her husband from its inception in April, 1987. The business employed no regular employees. The business last operated in 1989 and never created sufficient funds to make the monthly payments to Movant.

Debtor filed a petition under chapter 11 of the Bankruptcy Code on August 29, 1991, the day before the scheduled foreclosure sale. At the time the petition was filed, the property on which Movant holds a mortgage was not income producing.

In 1991 debtor listed the business property with a real estate broker, but to date she has not received any offers to purchase the property.

Debtor is a real estate broker and appraiser; however, she is not engaged in an ongoing business.

Debtor's schedules reveal that she owns the business property, a home in Virginia, and her residence in Jacksonville. All three properties are co-owned with Ovide A. Heald. The business property is debtor's most significant asset.

Debtor has minimal unsecured creditors, totalling approximately $5,600.00.

Debtor has not filed a disclosure statement or a plan of reorganization.

The sole issue before the Court at this time is whether this case should be dismissed as a bad faith filing.

### Conclusions of Law

The United States Supreme Court recently held that an individual debtor is eligible to reorganize under chapter 11, even if that individual does not have an ongoing business. *Toibb v. Radloff*, —— U.S. ——, 111 S.Ct. 2197, 115 L.Ed.2d 145 (1991). Thus, the Court validated what has been the law in the Eleventh Circuit for many years. *In re Moog*, 774 F.2d 1073 (11th Cir.1985).

Individuals who file under chapter 11 must conform to the requirements of law and are governed by the same rules as business debtors. *In re Canion*, 129 B.R. 465, 469 (Bankr.S.D.Tex.1989). Thus, the chapter 11 requirements such as the absolute priority rule, disclosure statement guidelines, and fiduciary responsibilities of debtors-in-possession to creditors apply

equally to individual chapter 11 debtors as to business debtors. *Id.*

In addition, the standards of § 1112(b) govern individual reorganizations under chapter 11. *Id.* Section 1112(b) authorizes a bankruptcy court to convert or dismiss a case "for cause." *In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984). Cause is a judicial determination that must be made in accordance with the circumstances of each case. *Id.* A number of courts, including this one, have held that a lack of good faith evidenced by an intent to abuse the judicial system is sufficient to constitute cause under § 1112(b). *Id. In re Natural Land Corporation,* 825 F.2d 296, 298 (11th Cir.1987); *In re Sar-Manco, Inc.,* 70 B.R. 132, 136 (Bankr. M.D.Fla.1986).

Although holding that no particular test is determinative, the Eleventh Circuit of the United States Court of Appeals has identified a number of factors which may indicate bad faith on the part of the debtor:

1) Debtor has only one asset and does not hold legal title;

2) Debtor has few unsecured creditors and their claims are small compared to secured claims;

3) Debtor has few employees;

4) Debtor's property is subject to a foreclosure action due to debt arrearage;

5) Debtor's financial problems are primarily due to a two party dispute which can be resolved in another forum; and

6) Timing of debtor's filing indicates an intent to delay or frustrate the attempts of the secured creditors to enforce their rights.

*In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393, 1394–95 (11th Cir.1988); *See also In re Natural Land Corporation,* 825 F.2d 296, 298 (11th Cir.1987).

Typically, bad faith decisions involve cases filed by debtors with few employees or unsecured creditors on the eve of a foreclosure sale of their only asset. *See, In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984).

The instant case, although dealing with an individual rather than a business, involves many of the typical elements of a bad faith filing. This is primarily a two party dispute involving debtor's primary asset. Debtor has few unsecured creditors totalling a relatively low debt amount. Finally, the bankruptcy petition was filed less than twenty-four hours before the scheduled foreclosure sale, evidencing an intent to delay and frustrate the secured creditor. These factors all indicate that debtor is abusing the judicial process and did not file this case in good faith.

No single factor is dispositive and this Court must exercise its discretion in making the ultimate decision. *In re Justus Hospitality Properties, Ltd.,* 86 B.R. 261, 265 (Bankr.M.D.Fla.1988). In determining whether to dismiss a case, this Court has held that § 1112(b) requires consideration of what is in the best interests of the estate and the creditors. *Id.*

This case is over eight months old and neither a disclosure statement nor a plan of reorganization has been filed. There has been no evidence that continuing this case would better serve the estate or the creditors.

Accordingly, the Court concludes that debtor filed this case in bad faith and dismissal is appropriate under the circumstances.

A separate Order granting the motion to dismiss will be entered.