**In re DENVER INVESTMENT CO., Debtor.**

**Bankruptcy No. 91–79997.**

United States Bankruptcy Court, N.D. Florida, Tallahassee Division.

May 27, 1992.

**229**

L. Lee Williams, and Neil H. Butler, Tallahassee, Fla., for Bank.

Charles Glidewell, Asst. U.S. Trustee, Tallahassee, Fla.

## MEMORANDUM OF OPINION

LEWIS M. KILLIAN, Jr., Bankruptcy Judge.

Before the Court are motions by Andrew Jackson Savings Bank and various other parties in interest for dismissal of this Chapter 11 case as a bad faith filing pursuant to 11 U.S.C. § 1112(b). For the reasons set forth below the motion shall be granted.

The debtor-in-possession in this case, a California Limited Partnership is the owner of a 27.505% interest in an apartment complex known as the Heritage Park Apartments located in Tallahassee, Florida. This interest is owned by debtor as an undivided interest as a tenant in common with various other individuals and entities including an affiliated entity known as Denver Financial Group, Ltd., which owns a 27% interest in the complex. In addition to its interest in the Heritage Park Apartments, the debtor owns two single family residences in Colorado, each with significant equity, and a 5% interest in an apartment complex in Lakewood, Colorado. The Heritage Park complex is encumbered by two mortgages in favor of Andrew Jackson with a current balance due under both mortgages of an excess of $2,200,000. These mortgages are both non-recourse mortgages to which this debtor is not a party, having acquired its interest by quit-claim deed in a bankruptcy proceeding involving another entity in Colorado.

The problems leading to the filing of this Chapter 11 case arose when an offer to purchase the Heritage Park Apartments for the sum of $2,600,000 was made a couple of years ago. The debtor and its affiliate blocked the sale by refusing to accept the offer due to a dispute with the owners of the remaining interests in the property over monies due to those owners from the debtor's predecessor in interest.

As a result of the debtor's refusal to sell the property, in 1990 the minority owners filed a partition action in the state courts in Leon County, Florida seeking a court ordered partition sale of the property. Unfortunately, the minority owners failed to name the debtor as a defendant in that suit but instead named Joel Freis, the principal of the debtor, as a defendant. Notwithstanding the improper party, Freis individually answered the action and participated all the way up to the point of the entry of a final judgment and the order for sale. The order for sale was entered by the Circuit Court for Leon County, Florida on February 26, 1991, ordering the sale to be conducted on March 15, 1991. Two days before the scheduled sale, this Chapter 11 case was filed in the United States Bankruptcy Court in the Central District of California. The next day, Joel Freis filed in the partition action a motion to stay the sale and as grounds alleged that he was not the true owner of the property, that Denver Investment Co., Ltd. had been an owner since February 3, 1987 and that Denver Investment had filed a petition under the Bankruptcy Code. Accordingly, the sale was canceled.

As noted, the debtor filed its initial petition in the Central District of California, over 3,000 miles from the situs of the property and the proceedings involving the property. When the debtor filed its schedules and statement of affairs in this case, the only assets and liabilities it included in those schedules related to the Heritage Park Apartments. There was no mention made of the properties in Colorado. It was not until January of 1992 that the debtor amended its schedules to show all of its assets and liabilities. Venue of the case was transferred to this court shortly after the case was filed.

With the exception of the dispute with the minority owners of the Heritage Park Apartments, this debtor has no other financial difficulties. It only has four unsecured creditors including a certified public accountant, a bookkeeper, a loan commitment fee to a loan brokerage firm and a fee for services relating to the finding of an investors for its various properties. There is equity in the properties including the Heritage Park property and the debtor is current on all of its mortgage obligations relating to those properties. The debtor has no employees and conducts no business other than ownership of its properties. Other than Joel Freis, there are only three or four investors in this debtor, the extent of their investments being undisclosed in this case.

■ Bankruptcy courts may and often do dismiss cases under Chapter 11 that are found to have been filed in bad faith. *In re Phoenix Piccadilly, Ltd.,* 849 F.2d 1393 (11th Cir.1988); *In re Albany Partners, Ltd.,* 749 F.2d 670 (11th Cir.1984). Each case must be cited on its own particular facts and circumstances, however, the critical issue in each case is whether the filing evidences an "intent to abuse the judicial process and the purposes of the reorganization provisions." *Albany Partners,* 749 F.2d at 674. Where the debtor does not seek to utilize the provisions of Chapter 11 in a bona fide effort to reorganize its debt structure, the case should be dismissed as a bad faith filing. *Matter of Port Richey*

*Services Co., Inc.,* 44 B.R. 634 (Bankr. M.D.Fla.1984).

■ In *Phoenix Piccadilly,* the Court of Appeals listed six nonexclusive factors present in that case which were indications of a bad faith filing. These factors are:

1) The debtor has only one asset, the property, in which it does not hold legal title;

2) The debtor has few unsecured creditors whose claims are small in relation to the claims of the secured creditors;

3) The debtor has few employees;

4) The property is the subject of a foreclosure action as a result of arrearage on the debt;

5) The debtor's financial problems involve essentially a dispute between the debtor and the secured creditors which can be resolved in the pending state court action; and

6) The timing of the debtor's filing evidences an intent to delay or frustrate the legitimate efforts of the debtor's secured creditors to enforce their right.

*Phoenix Piccadilly,* 849 F.2d at 1394.

While this case does not involve primarily a dispute between the debtor and a secured creditor, the situation involving the partition action is similar enough to a foreclosure suit that it does fit into the *Phoenix Piccadilly* mold. The dispute involves a single asset which is the subject of an action in a state court between the debtor and a single group of co-owners of the property.

The totality of the circumstances in this case make it clear that the filing of the petition was solely intended to delay or frustrate the legitimate efforts of the co-owners to enforce their legitimate rights in state court. In this case as in the *Phoenix Piccadilly* case, the debtor chose to file the petition for relief on the eve of a state ordered sale in a venue thousands of miles away from the location of the property and the site of the litigation. The fact that in the state court litigation the debtor's principal, Joel Freis delayed right up to the day prior to the sale before bringing to the court's attention that the debtor and not he was record owner in the property together

with the fact that the schedules filed with the case completely omitted any properties other than the disputed property further support a finding that this petition was filed solely to cause delay.

The debtor has filed a plan in this case, however, the plan it has filed merely proposes to give the debtor a period of 15 months following confirmation to attempt to sell the property on its own terms although during the year the case has been in Chapter 11, the debtor has made no attempts whatsoever to market the property. Notwithstanding that the debtor has filed a plan, the case must still be dismissed. As the Eleventh Circuit stated in *Phoenix Piccadilly;*

> Because the bankruptcy court had found that a bad faith filing had occurred, it properly did not change the consequences of that finding simply because of the debtor's possible equity in the property or potential for successful reorganization. We reject the debtor's argument that the bankruptcy court cannot ever dismiss a case for bad faith if there is equity in the property because the presence of equity indicates potential for a successful reorganization. Rather, as this court stated in *In re Natural Land* [825 F.2d 296 (11th Cir.1987)]:
>
>> The taint of a petition filed in bad faith must naturally extend to any subsequent reorganization proposal; thus any proposal submitted by the debtor who files his petition in bad faith would fail to meet § 1129's good faith requirement.
>
> 825 F.2d at 298.
>
> The possibility of a successful reorganization cannot transform a bad faith filing into one undertaken in good faith. *Phoenix Piccadilly,* 849 F.2d at 1395.

Accordingly, and based on the foregoing we find that this case was filed in bad faith and must therefore be dismissed. A separate order will be entered accordingly.