**In re SPRINGS PLAZA ASSOCIATES, L.P., Debtor.**

**Bankruptcy No. 95–00136–9P1.**

United States Bankruptcy Court,
M.D. Florida,
Fort Myers Division.

Oct. 18, 1995.

Louis X. Amato, Naples, FL, for Debtor Springs Plaza Associates, L.P.

Virginia Herrero, Miami, FL, for Aetna Life Insurance Company.

**ORDER ON MOTION TO DISMISS CHAPTER 11 CASE OR FOR RE-LIEF FROM AUTOMATIC STAY**

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case filed by Springs Plaza Associates, L.P. (Debtor).

The Debtors right to seek rehabilitation under this Chapter is challenged by Aetna Life Insurance Company (Aetna). The Motion to Dismiss is based on the contention of Aetna that this Chapter 11 Petition was filed in bad faith which in turn would warrant a dismissal for "cause" pursuant to § 1112(b). The facts which appear from the record as established at the final evidentiary hearing are basically without dispute and are as follows.

The Debtor is a limited partnership. The Debtor owns a shopping plaza in Lee County, Florida. The Debtor has essentially no other assets. Although the precise amount of indebtedness owed to Aetna as of the date of the filing of the Petition in this case is in dispute, neither party contends that the amount is less than $10 million and the current value of the collateral is approximately $7,100,000.00. It is also without dispute that the Debtor has no employees and conducts no active business. According to the Schedules filed by the Debtor, the Debtor has several creditors, including Aetna. Based upon the Schedules, the total indebtedness owed by this Debtor to other creditors, excluding Aetna, is approximately $700,000.00, of which all but approximately $90,000 is to insiders.

On January 5, 1995, the Debtor filed its Petition for Relief under Chapter 11 of the Bankruptcy Code, which, of course, brought the foreclosure action to a halt only several days prior to a hearing on the assignment of rents.

Based upon these facts, Aetna contends that this case satisfies all or almost all of the requirements for dismissal for cause supported by extensive caselaw. In opposition, the Debtor contends that the subject property is capable of a successful reorganization, asserting that the property can be refinanced at a more favorable interest rate before the maturity of the current mortgage in December, 1995.

A mechanical application of the factors set forth in *Little Creek Development Co.,* 779 F.2d 1068 (5th Cir.1986), indicates that this case does in fact have most of the hallmarks of bad faith. This in turn would compel the conclusion that this Chapter 11 case was in fact filed in bad faith and should be dismissed. However, it is equally recognized that not one single factor set forth in *Little Creek, supra,* is determinative of the issue of the lack of good faith of a debtor seeking relief under Chapter 11 of the Bankruptcy Code. *In re Natural Land Corporation,* 825 F.2d 296 (11th Cir.1987); *In re Albany Partners Ltd.,* 749 F.2d 670 (11th Cir.1984). While *Little Creek* is still well-recognized as persuasive authority, it is equally true that there is nothing inherently improper for a debtor with one single asset to attempt to reorganize its affairs under the rehabilitative provisions of the Bankruptcy Code. In the last analysis, the key considerations are (1) the Debtor's motivation to file the Petition; (2) the economic vitality of the Debtor; (3) the Debtor's real need to reorganize; and (4) the ability of the Debtor to achieve reorganization.

The unfortunate reality for this Debtor is that this shopping plaza has not been an economically viable proposition since its creation, as was evident when the Debtor was unable to satisfy the obligation on the first five-year mortgage which matured in 1990. Even after refinancing and additional infusions of capital, this venture continued to struggle and required a loan modification for its very survival.

Upon consideration of the facts in a light most favorable to the Debtor, this Court is satisfied that this Debtor has no reasonable possibility of effective reorganization and filed its Petition with this Court for the primary purpose of defeating a foreclosure action in the state court.

Therefore, having considered this Motion, together with the record, this Court finds that it is well taken and should be granted. As such, the Motion to Lift the Automatic Stay is moot. Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss this Case filed by Aetna be, and the same is hereby, granted. It is further

ORDERED, ADJUDGED AND DECREED that the above-styled case be, and the same is hereby, dismissed, provided, however, that the Debtor shall remit all out-

standing fees due the United States Trustee pursuant to 28 U.S.C. § 1930(a). In the event the Debtor fails to pay said fees, this Court shall retain jurisdiction for the sole purpose of enforcing the obligation of the Debtor with respect to the fees owed to the U.S. Trustee.

DONE AND ORDERED.