In re NORTH REDINGTON BEACH ASSOCIATES, LTD., a Florida Limited Partnership, Debtor.

Bankruptcy No. 88–4188–8P1.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Sept. 19, 1988.

Langfred White, Clearwater, Fla., for debtor.

Thomas D. DeCarlo, West Palm Beach, Fla., for movant.

Lynne L. England, Tampa, Fla., Asst. U.S. Trustee.

## ORDER ON MOTION TO DISMISS

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case filed on July 25, 1988. The matter under consideration is a Motion to Dismiss the Chapter 11 case based on the alleged bad faith of North Redington Beach Associates, Ltd. (Debtor). The Motion is filed pursuant to § 1112(b) of the Bankruptcy Code which authorizes a dismissal for "cause" and cause now has been construed to include the bad faith of the Debtor to seek relief under this Chapter. *See In re Victory Construction Company,* 9 B.R. 549 (Bkrtcy.C.D.Cal.1981).

The Motion is filed by City Federal Savings Bank (City Federal), a secured creditor of the Debtor and is based on the following facts which are without dispute:

The Debtor, a limited partnership, is the owner and operator of a hotel facility under a Hilton franchise located at North Redington Beach, Florida. The hotel, which is newly constructed, has been in operation only a year, is encumberred by a first mortgage in favor of City Federal securing an indebtedness in the approximate amount of $9.9 million; a second mortgage in favor of Glen Johnson, Inc. (Glen Johnson) securing an indebtedness of $317,000; and a third mortgage in favor of G.B.R. Investment Group, Inc. securing an indebtedness of $200,000, for a total secured indebtedness of $10.2 million. It is conceded by the Debtor that the value of the property is not more than $8.3 million, thus substantially less than the total secured indebtedness. Under the first mortgage, the Debtor is required to make a monthly payment of $85,000. It is without dispute that this mortgage has been in default for seven months prior to the commencement of this Chapter 11 and no payment has been made since the Chapter 11 was filed and still is in default. It appears that the holder of the second mortgage,

Glen Johnson, filed a foreclosure action in the Circuit Court in and for Pinellas County and obtained a Summary Final Judgment on June 24, 1988. The property was scheduled to be sold at foreclosure sale on July 25, 1988 but the sale was not held because the Debtor filed its Petition for Relief in this Court ten minutes prior to the commencement of the foreclosure sale.

It further appears that City Federal also instituted a foreclosure action in the Circuit Court for Pinellas County. On April 15, 1988, the Circuit Court entered a default against the Debtor for its failure to file any responsive pleadings as required by law and on May 20, 1988, appointed a receiver for the facility who was in charge of the hotel operation until August 5, 1988 at which time the receiver apparently voluntarily surrendered the control and possession of the premises to the Debtor. As indicated earlier, the Debtor is a limited partnership and it appears that there is currently pending a suit by the general partner, North Redington Beach Associates, Ltd. against the limited partners. This suit involves a claim for a dissolution of the partnership and a counterclaim by the limited partners who allege fraud and violation of the Blue Sky Laws of the State of Florida.

It is without dispute that all three secured creditors are undersecured; that the property is incapable of generating enough income to support the three mortgages and, according to its own projection, with the exception of the month of March, 1989, will not be able to produce enough money to meet the monthly obligations on the first mortgage in the amount of $85,500. The projection indicates at least a $40,000 shortfall in the oncoming year.

Based on these undisputed facts, it is the contention of City Federal that there is "cause" to dismiss this Chapter 11 case under the applicable legal principles *citing In re Krilich,* 87 B.R. 178 (Bkrtcy.M.D.Fla. 1988); *In the Matter of Little Creek Development Co.,* 779 F.2d 1068 (5th Cir.1986); *In re Landmark Capital Company,* 27 B.R. 273 (Bkrtcy.Ariz.1983). City Federal points out that this is a single asset case; it

is unable to support its secured debt structure; and it sought relief in this Court ten minutes before the property was to be lost through foreclosure sale. *See In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir. 1984). In addition, City Federal points out that this Debtor only has one problem which is its inability to deal with the mortgage indebtedness.

In opposing the Motion of City Federal, it is the contention of the Debtor that its financial woes are attributable basically to two factors: one, the destruction of its beach by Hurricane Elena; and two, the failure of the limited partners to make their capital contributions to the partnership, an issue which is now involved in state court litigation. Concerning the first, it is the contention of the Debtor that since the beach has been rebuilt the business actually exceeded its projections and second, if it prevails against the limited partners it will have sufficient capital to meet any shortfalls. Moreover, the Debtor contends that, unlike *Little Creek Development* which involved an undeveloped real property of an entity which had no employees, no income, no cash flow, and no available source of income to sustain a plan of reorganization, this is an ongoing hotel operation with more than eighty employees; it is a brand new facility operating under a Hilton franchise; and while it is true that its current debt structure is top heavy and cannot be supported by the income generated from the operation, it could possibly be reorganized and restructured under the applicable provisions of 1129(b) of the Bankruptcy Code if given the chance.

Prior to the enactment of the Bankruptcy Reform Act of 1978, Pub.L. 95–958, the Bankruptcy Act of 1898 contained Chapter XII entitled "Real Property Arrangement". This chapter was specifically designed to deal with financially distressed debtors, generally with one single asset. Under the statutory scheme, these debtors were able to propose an arrangement which had for its primary purpose the alteration or modification of the rights of creditors or of any class of them, holding debts secured by real property or a chattel real of which the debtor was the legal or equitable owner.

§ 406(1) of Chapter XII, Bankruptcy Act of 1898. *In re Helmwood Apartments*, 2 BCD 1151 (Bkrtcy.N.D.Ga.1976); *In re Perimeter Park Investment Associates, Ltd.*, 697 F.2d 945 (11th Cir.1983); *In re Marietta Cobb Apartments Co.*, 3 BCD 720 (Bkrtcy.S.D.N.Y.1977); *In re Samoset Associates*, 10 CBC 515 (Bkrtcy.Me.1976); *In re Pinegate Associates, Ltd.*, 2 BCD 1478 (Bkrtcy.N.D.Ga.1976); *In re Colonial Realty Investment Co.*, 516 F.2d 154 (1st Cir.1975).

The Bankruptcy Reform Act of 1978, Pub.L. 95–598, by enacting Chapter 11, fused the previous relief chapters, Chapter X, Chapter XI and Chapter XII into one single relief chapter. Thus, prior to 1979, a debtor with a single asset consisting of real estate who had financial difficulties and were not able to meet mortgage payment obligations had a remedy prior to the enactment of the Code if the fact that the debtor at this time has one single asset consisting of encumbered real property would compel a finding that the petition for relief under Chapter 11 was filed in bad faith and, therefore, requires a dismissal would be without remedy, especially if the debtor is a corporation. Based on the foregoing, it is evident that the Debtor with one single real estate holding like the Debtor involved in this particular case should not be precluded to avail itself to the rehabilitative provisions of Chapter 11 unless other factors discussed by the cases dealing with the question of bad faith are present. *In re Victory Construction Company, supra; In the Matter of Little Creek Development Co., supra; In re Landmark Capital Company, supra; In re Krilich, supra.* This Court is not unaware of the recent decision of the Eleventh Circuit in *In re Phoenix Piccadilly, Ltd.*, 849 F.2d 1393 (11th Cir.1988) in which case the Court of Appeals affirmed the District Court which in turn affirmed the bankruptcy court's dismissal of the Chapter 11 case based on bad faith. Judge Roney, speaking for the panel, noted that there was ample evidence in the record to support the finding of bad faith. Most importantly, however, is the statement by

the court that even if a debtor may have equity in the single asset dismissal is proper if the sole purpose for filing the Chapter 11 case was to frustrate secured creditors' attempts to foreclose on debtor's sole asset. *Citing In re Albany Partners, Ltd.,* 749 F.2d 670, 674 (11th Cir.1984). *See also, In re Waldron,* 785 F.2d 936 (11th Cir.), (Chapter 13 petition dismissed because of bad faith filing), cert. dismissed, 478 U.S. 1028, 106 S.Ct. 3343, 92 L.Ed.2d 763 (1986). At first blush it appears that the holding in *Phoenix Piccadilly* compels a dismissal of this case since it is without dispute that filing a Chapter 11 petition ten minutes prior to the foreclosure sale it was filed obviously to forestall the holder of the second mortgage, Glen Johnson, to complete its foreclosure action. In addition, in this case, unlike in *Phoenix Piccadilly* where the debtor had equity, this Debtor admits that it has no equity in its one and only asset. However, the Court of Appeals in *Phoenix Piccadilly* heavily relied on *Little Creek Development Co., supra; In re Heritage Wood'N Lakes Estates, Inc.,* 73 B.R. 511, 514 (Bankr.M.D.Fla.1987); and *In re Natural Land Corp.,* 825 F.2d 296, 298 (11th Cir.1987), all of which involved a debtor with one single asset consisting of undeveloped raw land; a debtor who was not engaged in any ongoing business; had no employees; no income and filed for protection under Chapter 11 for the admitted purpose to forestall the loss of the property through foreclosure to gain time hoping for the improvement of the real estate market which eventually could possibly enable the Debtor to salvage equity for the ownership interest which expected to grow through the passage of time. As noted earlier, this Debtor is operating a substantial hotel facility under a world wide well recognized franchise with more than sixty employees. It has been in operation only one year and it has substantial unsecured debts. While it is true that the Debtor lacks equity in the subject property, it does not claim that its salvation lies merely in a delay based on the hope that there will be a upturn in the real estate market but in an improvement of its facility with a rebuilt beach and the possible infusion of capital either by the limited partners, which may be achieved through litigation, or by others. Be as it may, this Court is satisfied that when one considers the good faith or lack of same of a debtor who seeks relief under the current Chapter 11, the real test that still remains is the presence of honest intention of the Debtor and some real need and real ability to effectuate the aim of the reorganization even if this involves the total liquidation of the assets. *In re Julius Roehrs Co.,* 115 F.2d 723 (3rd Cir.1940); *see also, Breeding Motor Freight Lines, Inc. v. Reconstruction Finance Corp.,* 172 F.2d 416 (10th Cir.1949), *cert. den.* 338 U.S. 814, 70 S.Ct. 54, 94 L.Ed.2d 493 (1949). This doesn't mean, however, that the Debtor shall be given an extended use of the protection of the automatic stay or the right to use the provisions of Chapter 11. In the case of *In re Timbers of Inwood Forest Associates, Ltd.,* 808 F.2d 363 (5th Cir.1987), Judge Randall, speaking for the majority, noted that undersecured creditors are not without protection and § 1112(b)(1) warrants a dismissal for continuing loss and absence of a reasonable likelihood of rehabilitation; or inability to effectuate a plan; or unreasonable delay by the debtor that it prejudicial to creditors; or failure to propose a plan under section 1121 within any time fixed by the Court. As suggested by Judge Randall that under this Section the bankruptcy judge is required to evaluate each debtor's viability and the rate or progress in light of the best interest of creditors and the estate and carefully consider any request to extend the exclusive period of 120 days granted to a debtor to file a plan of reorganization. Moreover, the 120 day period may be reduced or increased by cause. Both of these provisions could be used as a tool to assure that the imbalance between the debtor and secured creditors which characterized the cases under the old Chapter XI is not reinstituted and § 1121 was designed by Congress to limit the delays that made creditors hostages of Chapter 11 debtors.

Based on the foregoing, this Court is satisfied that in light of the fact that this Chapter 11 was filed on July 25, 1988, that the 120 day exclusive period to file a plan of reorganization will not expire until No-

vember 25, 1988, the fact that this Debtor is currently operating, the Motion to Dismiss for bad faith filing is not well taken and the Debtor should at least be given an opportunity to propose a plan of reorganization within the exclusive period and attempt to obtain confirmation of its plan if it is able to do so.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Dismiss by City Federal Savings Bank be, and the same is hereby, denied.