### In re BICOASTAL HOLDING COMPANY, Debtor.

#### No. 8:08–bk–17648–ALP.

United States Bankruptcy Court, M.D. Florida, Tampa Division.

March 11, 2009.

Geoffrey Todd Hodges, G. T. Hodges, PA, Lutz, FL, for Debtor.

David E. Hammer, David E. Hammer, PA, Lutz, FL, for Petitioning Creditor.

## ORDER ON DEBTOR'S MOTION TO DISMISS INVOLUNTARY PETITION AS FILED IN BAD FAITH AND FOR COSTS, ATTORNEYS' FEES, DAMAGES, AND PUNITIVE DAMAGES

(Doc. No. 16)

ALEXANDER L. PASKAY,
Bankruptcy Judge.

THE MATTER under consideration in this involuntary case filed against Bicoastal Holding Company (Bicoastal) is a Motion to Dismiss Involuntary Petition As Filed In Bad Faith And For Costs, Attorneys' Fees, Damages, And Punitive Damages (Motion to Dismiss) filed by Geoffrey Todd Hodges (Hodges) on behalf of the Debtor in the above captioned case (Doc. No. 16). In addition to requesting that this Court dismiss the involuntary petition, Bicoastal also requests this Court to impose sanctions against the sole Petitioning Creditor, Haircut Partners, LLLP (Haircut).

The Motion to Dismiss filed by Hodges is based on the following grounds. First, it is contended by Hodges that Haircut has no claim against Bicoastal and is merely asserting claims on behalf of three parties that assigned their claims to Haircut. It is also contended that those claims are subject to genuine dispute, therefore, they do not form the basis for Haircut to be eligible to prosecute this involuntary case against Bicoastal. In addition, it is also contended that the Petition was filed in bad faith and for these reasons his Motion to Dismiss should be granted and the involuntary case should be dismissed.

The first claim that is claimed to be assigned to Haircut was by David E. Hammer (Hammer) asserting that Bicoastal

owed him unpaid attorney fees in the amount of $16,950.00 for representation of Bicoastal. Hammer is the attorney who is purported to represent Bicoastal in litigation matters. The second claim is for unpaid attorney fees claimed to be owed by Bicoastal to Robert W. Bleakley (Bleakley) in the amount of $77,962.00. The third claim assigned to Haircut was a claim by Caligula Corporation (Caligula) based on two promissory notes in the amount of $16,468.67, plus interest.

■ Considering first the Hammer claim, it is clear from the record that the validity of that claim is subject to bona fide dispute. Haircut produced two invoices in support of fees which Haircut claimed owed to Hammer. One invoice contained time entries for the period commencing August 28, 2006, to August 15, 2007. Another invoice contained time entered for the period commencing October 1, 2007, to May 15, 2008. Both invoices show Hammer's address at 212 Crystal Grove Blvd., Lutz, Florida, 33548. In fact, Hammer's address in 2006 was 218 East Bearss Avenue, Tampa, Florida 33613. Hammer remained at that address until some time in mid–2007, when he moved his office to 201 East Kennedy Blvd. Suite 950, Tampa, Florida 33602. Hammer remained at that address until August or September 2008, when he moved to the Lutz, Florida, address. Hammer notified the Court of his change of address to Lutz, Florida, on September 8, 2008. It is contended by Bicoastal that the invoices are fabrications and were created after Hammer relocated to Lutz, Florida, in August or September 2008. According to Haircut, Hammer assigned his claim prior to May 23, 2008, for fees allegedly earned prior to May 23, 2008.

■ The second claim to be assigned to Haircut is a claim for attorney's fees allegedly due and owing to Bleakley. The invoices produced to the Trustee in charge of the administration of the assets of the Terri Steffen (Steffen) Chapter 7 case, Douglas N. Menchise (Menchise), were all dated between June 2007 and November 30, 2007. The invoices were nearly entirely redacted. However, they established that by November 30, 2007, Bleakley had rendered all of his services for which Haircut now seeks payment. The invoices indicate that Bleakley charged fees and costs for services rendered during November 2007 for $19,207.55 and $58,754.45 for invoices prior to November 1, 2007, for a total of $77,962.00.

The issue regarding Bleakley's claim and the basis for this dispute is that the same issue was presented in the case of *Overseas Holding Limited Partnership* (OHLP) (Case No. 8–07–bk–10415), where Bleakley testified that when the OHLP Petition was filed on October 31, 2007, all his accounts were paid in full. Bleakley also reasserted that the same was true on behalf of Puma Foundation, Bicoastal, OHLP, and Jack Rabbit Limo Service, all allegedly controlled by Bilzerian Enterprises. Bleakley testified that all Bilzerian Enterprises were jointly and severally liable for the bills and all bills were fully paid on October 31, 2007. Bleakley testified under oath that he was owed nothing for fees and costs as of November 20, 2007, and at the time of his testimony on February 29, 2008. In addition to the foregoing, Paul Bilzerian, as OHLP's tax return preparer, testified under oath that for the period of January 1, 2007, to October 1, 2007, Ernest B. Haire, III (Haire) was the only creditor of OHLP and that zero was owed to Bleakley on October 31, 2007.

The third claim assigned to Haircut is the claim of Caligula which is based on two notes totaling the sum of $16,468.87, plus interest. The two notes were allegedly assigned to Haircut on or about May 23, 2008. The assignment offered into evi-

dence carries the signature of the assignor, Dan Bilzerian, the former President of Caligula and the assignee, Dan Bilzerian, the General Partner of Haircut (*See* Bicoastal's Exhibit 4, and 5, FEH on Motion to Dismiss, January 29, 2009).

Considering the claims of Hammer and Bleakley, this Court is satisfied that those claims are sufficiently unspecified and vague, certainly subject to bona fide dispute, and therefore the claimants are not eligible to be Petitioning Creditors.

However, there is not enough evidence to conclude that the claim of Caligula is subject to bona fide dispute. Since its claim is in excess of the statutory cap of $13,475.00, the claim of Caligula, facially, is sufficient to carry on the involuntary case against Bicoastal as the sole creditor.

This leaves for consideration the alternative ground for dismissal, which is the contention that the Petition was filed in bad faith.

The principles applicable to a bad faith involuntary filing have been considered by courts in the past. It has been generally concluded that the petition must be filed in good faith, and the petitioner must come to the courts with clean hands. In the case of *First American Bank of Georgia v. Coastal Nursing Center, Inc. (Matter of Coastal Nursing Center, Inc.)*, 164 B.R. 788, 793–94 (Bankr.S.D.Ga.1993), the bankruptcy court reviewed the history of Chapter 11 and concluded that unlike previous Section 141 of the Bankruptcy Act of 1988, which required a Petition for Reorganization under Chapter X of the Act to be filed in good faith, the current version no longer contains an express requirement. Notwithstanding, courts have uniformly held that the bankruptcy court has the power to determine whether the debtor has improperly invoked the jurisdiction by coming into the court in bad faith. *See e.g., In re Albany Partners, Ltd.*, 749 F.2d 670 (11th Cir.1984); *In re*

*Phoenix Piccadilly, Ltd.*, 849 F.2d 1393, 1394 (11th Cir.1988); *In re Natural Land Corp.*, 825 F.2d 296 (11th Cir.1987); *Matter of Oakbrook Village, Inc.*, 108 B.R. 838 (Bankr.S.D.Ga.1989); *Matter of Little Creek Development Co.*, 779 F.2d 1068 (5th Cir.1986); *Carolin Corp. v. Miller*, 886 F.2d 693 (4th Cir.1989); *In re North Redington Beach Assoc., Ltd.*, 91 B.R. 166 (Bankr.M.D.Fla.1988); *Furness v. Lilienfield*, 35 B.R. 1006 (D.Md.1983); *Duggan v. Highland–First Ave. Corp.*, 25 B.R. 955 (Bankr.C.D.Cal.1982); *In re Corp. Deja Vu*, 34 B.R. 845 (Bankr.Md.1983); *Matter of Dunes Casino Hotel*, 63 B.R. 939 (D.N.J.1986); *Matter of Century City, Inc.*, 8 B.R. 25 (Bankr.N.J.1980); *In re Thirtieth Place, Inc.*, 30 B.R. 503 (9th Cir. BAP 1983).

Some courts in discussing the issue hold that there is no particular test to determine whether a petitioner has filed the case in good faith. However, finding a lack of good faith, courts stressed the intent to use the judicial process. *Albany Partners Ltd.*, 749 F.2d at 674, *Natural Land*, 825 F.2d at 298, *Phoenix Piccadilly*, 849 F.2d at 1394; *see In re Dixie Broadcasting, Inc.*, 871 F.2d 1023, 1027 (11th Cir.1989).

Courts have found bad faith "when the petitioning creditor uses involuntary bankruptcy proceedings in an attempt to obtain a disproportionate advantage for himself, rather than to protect against other creditors obtaining a disproportionate advantage, particular when the petitioner could have advanced its own interest in a different forum." *In re K.P. Enterprise*, 135 B.R. 174, 179 (Bankr.D.Me.1992).

In the present instance, the record fails to show that any claims have been filed in this case against Bicoastal. The only creditor is Haircut who filed the Involuntary Petition on behalf of the three

parties who claimed to have assigned their claims to it.

The sole stockholder in Bicoastal and, therefore, indirectly all assets owned by Bicoastal were owned by Terri Steffen, who originally sought relief under Chapter 11 of the Bankruptcy Code (Case No. 8:01–bk–09988–ALP). After seven years of attempting to achieve confirmation, the case aborted and was converted to a Chapter 7 liquidation case. As a result, all assets of Bicoastal became the property of the Chapter 7 estate of Steffen. Douglas Menchise was appointed the Chapter 7 Trustee and became in charge of administration of the assets. In due course, the Trustee filed his Motion and sought authority to offer for sale at an auction the assets of Bicoastal. The Motion was granted, the auction was properly scheduled and concluded. Hammer participated as a bidder, but was outbid by Haire. The sale was confirmed to Haire over the objections of Hammer by an Order Granting Motion to Confirm Auction (Steffen Case, Doc. No. 705) entered by this Court on December 9, 2008. Thus, Bicoastal is merely a shell of a corporation without any assets which could be liquidated in a Chapter 7 case. For this reason, it is obvious that it would not serve any purpose to conduct the administration of this Chapter 7 case by a Trustee.

In addition, it should be noted that on September 19, 2008, the Honorable Royce C. Lamberth, Chief Judge in the United States District Court for the District of Columbia entered an Order to Show Cause in the case of *Securities and Exchange Commission v. Paul A. Bilzerian, et al*, Case No. 89–1954, wherein it was ordered that: "the defendant Paul A. Bilzerian, as well as Terri L. Steffen, Overseas Holdings Limited Partnership, Jack Rabbit Limo Service, Inc., Puma Foundation, Bicoastal Holding Company, David E. Hammer, Esq., and Robert Bleakley, Esq., . . .

shall no later than October 20, 2008, show cause in writing as to why each of them should not be held in civil contempt for violation of this Court's order, dated July 19, 2001, which provides as follows:"

". . . it is further ORDERED that Defendant Paul A Bilzerian, his agents, servants, employees, and attorneys, and those persons in active concert or participation with them, who receive actual notice of this Order by personal service or otherwise, are prohibited from filing or causing filing of any complaint, proceeding or motion in the United States Bankruptcy Court for the Middle District of Florida, or from commencing or otherwise causing the commencement of any proceedings in any court, other that in this Court or in the appeals of this Court's Orders to the United States Court of Appeals for the District of Columbia, without prior application to and approval of this Court . . ."

*Securities and Exchange Commission v. Paul A. Bilzerian, et al*, Case No. 89–1954.

Contrary to the assertion by Hammer that the matter had been concluded in Washington, D.C., this Court has receive information from the District Court in the District of Columbia, that the fact that Hammer responded in writing to the Order to Show Cause, did not conclude the matter. The matter is still "under advisement" by the District Court. Notwithstanding Mr. Hammer, with the knowledge that the Order to Show Cause matter is still unresolved, filed this involuntary case against Bicoastal without first obtaining permission from the District Court for the District of Columbia to do so. This blatant disregard of the Order of the District Court of the District of Columbia is typical and additional proof of Mr. Hammer's litigious nature not only in the State Court but in this Court.

Based on the forgoing, this Court is satisfied that the Involuntary Petition was

filed in bad faith and, therefore, applying the principles announced in the cases cited above, the Motion to Dismiss is well taken and the Chapter 7 case against Bicoastal should be dismissed.

This leaves for consideration Bicoastal's request for the award of attorneys' fees and costs for having to retain counsel to represent its interest based on the Involuntary Petition filed, and for punitive damages against Haircut pursuant to 11 U.S.C. § 303(i) of the Bankruptcy Code. Section 303(i) provides in pertinent part that "[i]f the court dismisses the petition ... the court may grant judgment—(1) against the petitioners in favor of the debtor for—(A) costs; or (B) a reasonably attorney's fee...." 11 U.S.C. § 303(i)(1) and (2). If the petition is determined to have been filed in bad faith, then the court may grant "(A) any damages proximately caused by the filing; or (B) punitive damages...." 11 U.S.C. § 303(i)(2).

Inasmuch as this record is devoid of any established facts concerning this element of the claim, it is appropriate to schedule the matter for an evidentiary hearing to determine the entitlement to a judgment either for costs or reasonable attorney fees or, in the alternative, damages caused by Haircut Partners, LLLP, for filing the Involuntary Petition in the above-captioned case or for punitive damages pursuant to 11 U.S.C. § 301(i)(1) and (2).

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Debtor's Motion to Dismiss Involuntary Petition as Filed in Bad Faith and for Costs, Attorneys' Fees, Damages, and Punitive Damages (Doc. No. 16) be, and the same is hereby, granted in part and deferred in part. It is further

ORDERED, ADJUDGED AND DECREED that the Involuntary Chapter 7 case filed against Bicoastal Holding Company be, and the same is hereby, dismissed with prejudice. It is further

ORDERED, ADJUDGED AND DECREED that the Court specifically reserves jurisdiction to consider the additional relief sought by Bicoastal Holding Company pursuant to 11 U.S.C. § 303(i). It is further

ORDERED, ADJUDGED AND DECREED that an evidentiary hearing shall be held on *March 25, 2009*, beginning at *10:00 a.m.* at the United States Bankruptcy Courthouse, Court 9A, 801 N. Florida Ave., Tampa, Florida, 33602, to determine the entitlement to a judgment for costs, reasonable attorney fees and/or damages caused by filing for punitive damages.